IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAMAR CHARLES THOMAS,** )<br>)<br>Petitioner,    )<br>)<br>v.                         )   CRIMINAL NO. 05-205<br>)   CRIMINAL NO. 07-227<br>**UNITED STATES OF AMERICA,** )<br>)<br>Respondent.    ) | |

**MEMORANDUM OPINION**

I.   **Introduction**

Pending before the court are renewed motions for early termination of supervised release filed by counsel on behalf of defendant Lamar Charles Thomas ("Thomas") at both of his criminal cases (Crim. No. 05-205, ECF No. 721; Crim. No. 07-227, ECF No. 106). The court denied Thomas' original, pro se, motion in an opinion and order dated November 16, 2022.

Thomas argues that his terms of supervised release should be terminated because he has remained compliant with his conditions of supervision, earned a CDL and a notary commission, obtained a good job as a truck driver with the City of Pittsburgh Forestry Department, serves as a mentor teaching Spanish and chess to teenagers and is now 47 years old, rehabilitated and drug-free. Thomas argues that his "rap sheet" overrepresents his likelihood of recidivism and points out that he was in criminal history category I at his original sentencing in these cases in 2009. He also contends that his original sentence was affected by the crack vs. powder cocaine disparity and that he would likely have received a shorter term of imprisonment if resentenced

today. In his reply, counsel for Thomas argued that the crack-powder disparity also affected Thomas' 5-year mandatory term of supervised release.

The government filed a response in opposition to the motions, contending that nothing changed since the court denied Thomas' first request for early termination of supervised release, except that Thomas became a notary public. The government points out that Thomas has an outstanding summary case (he is charged with "overgrowth on property," ECF No. 108-1). The government opposes early termination and argues it is not in the interest of justice or warranted by the factors set forth in 18 U.S.C. § 3553(a). The motions are ripe to be decided by the court.

## II.     Procedural History

The court reiterates the procedural background, as set forth in the November 16, 2022 opinion. On September 16, 2009, Thomas pleaded guilty in this court pursuant to a plea agreement to Counts 1 through 6 of the Superseding Indictment at Criminal Action No. 05-205 ("Superseding Indictment") and to Count 1 of the Indictment at Criminal Action No. 07-227 ("Indictment"). These charges included four drug crimes, pursuant to 21 U.S.C. §§ 841 and 846 (Superseding Indictment Counts 1-4), one charge for possession of a firearm in furtherance of a drug trafficking crime, pursuant to 18 U.S.C. § 924(c) (Superseding Indictment Count 5), one charge for unlawful possession of a machine gun, pursuant to 18 U.S.C. § 922 (Superseding Indictment Count 6), and one charge for receipt of a firearm while under indictment (Crim. No. 07-227, Indictment Count 1). Thomas was sentenced the same day.

A final presentence investigation report ("PSI") was not prepared. The probation office prepared a preplea PSI which, among other things, reviewed his offense conduct, calculated Thomas' guidelines based on Counts 1 and 5 of the Superseding Indictment at Crim. No. 05-205

and Count 1 at Crim. No. 07-227, and described his personal and family characteristics. The probation office determined in the preplea PSI that the offense level for the grouped counts was 34 and Thomas was in criminal history category I. Thomas' advisory guideline range of imprisonment for the grouped counts was 151 to 188 months in prison. By statute, Thomas' conviction for possession of a firearm in furtherance of a drug trafficking crime, pursuant to 18 U.S.C. § 924(c) (Crim. No. 05-205 Superseding Indictment Count 5), required a mandatory minimum consecutive prison term of 60 months (or 5 years). The total advisory range, therefore, became 211 to 248 months in prison.

In the plea agreement (ECF No. 444), the parties agreed that the appropriate total prison term was 15 years (or 180 months). The parties agreed that the statutory mandatory minimum term of supervised release was 5 years.

In imposing sentence, the court accepted the parties' agreement and varied downwards in the prison term to the statutory mandatory minimum. By statute, the offense at Count 1 of the Superseding Indictment at Crim. No. 05-205 required a term of imprisonment of at least 10 years (or 120 months). The court sentenced Thomas to 120 months' imprisonment at each of Counts 1 through 4 and 6 of the Superseding Indictment at Crim. No. 05-205 and to 60 months' imprisonment at Count 1 of the Indictment at Crim. No. 07-227, all those sentences to be concurrently served. As required by statute, Thomas was sentenced to 60 months' imprisonment at Count 5 of the Superseding Indictment at Crim. No. 05-205, to be served consecutively to the other terms of imprisonment imposed at the other counts of the Superseding Indictment, for a total term of imprisonment of 180 months (or 15 years). In May 2019, Thomas' prison term was reduced to 172 months under the First Step Act (ECF No. 681).

At Count 1 of the Superseding Indictment at Crim. No. 05-205, there was a mandatory minimum of 5 years of supervised release and a maximum term of life. In the preplea PSI, the guideline range of supervised release was 3-5 years at Count 5 of Crim. No. 05-205; and 2 to 3 years at Count 1 of Crim. No. 07-227. The total advisory guideline range for supervised release was 5 years. In imposing sentence, the court varied upwards with respect to the term of supervised release. At Crim. No. 05-205, the court imposed a term of supervised release of 84 months (or 7 years) at each of Counts 1 through 3, and 36 months at each of Counts 4 through 6, to be served concurrently with each other and to be served concurrently with the 36-month term of supervised release imposed at Criminal No. 07-227.

Thomas was released from prison and began serving his term of supervised release in May 2019. Thomas has now completed slightly more than half his term of supervision with respect to counts 1 through 3 of the Superseding Indictment. He has completed his term of supervision with respect to counts 4 through 6 of the Superseding Indictment and count 1 at Crim. No. 07-227. The motion will therefore be denied as moot with respect to counts 4 through 6 of the Superseding Indictment and to Crim. No. 07-227.

"Defendant bears the burden of establishing that his conduct and the interests of justice justify an early termination of supervised release." United States v. Williams, No. CRIM.A. 02-216, 2006 WL 618849, at *1 (E.D. Pa. Mar. 13, 2006). The court accepts Thomas' representations with respect to his continued compliance with the conditions of release, employment and volunteer activities. The government provided no contrary evidence with respect to Thomas' compliance with the conditions of his supervised release, but for the summary charge about overgrowth on his property.

### III. Discussion

#### A. Applicable Law

The court reiterates the governing law, as set forth in the November 16, 2022 opinion. A district court has the discretion to grant the early termination of a defendant's term of supervised release[1] under 18 U.S.C. § 3583(e). United States v. Melvin, 978 F.3d 49 (3d Cir. 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with

---

[1] Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

5

> similar records who have been found guilty of similar conduct, § 3553(a)(6); and
>
> – the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 978 F.3d at 52-53. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. Id. The court has considered the statutory factors in this case and will also address the most relevant factors below.

The Third Circuit Court of Appeals clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances *must* be shown." Id. (emphasis added).[2] In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. §

---

[2] The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin, 2020 WL 6108619 at *3.

6

3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

The court will again consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1), to the extent possible, to determine whether early termination of Thomas' terms of supervised release is warranted by his conduct and in the interest of justice.

### B. Section 3553(a) Factors

#### 1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

The nature of Thomas' criminal history is unchanged since the November 16, 2022 opinion. Thomas committed numerous and very serious drug and firearm offenses which posed a significant danger to the community. Thomas' drug dealing involved substantial amounts of both crack and powder cocaine. In his plea agreement, he acknowledged responsibility for 200 grams of crack cocaine and at least 500 grams of powder cocaine.

Thomas committed a home invasion/robbery with a loaded handgun just 16 days after being released on bond at Crim. No. 05-205, which led to the conviction at Crim. No. 07-227. (*See* Complaint, Crim. No. 07-227, ECF No. 1-1 at 4). In imposing the original sentence, the court granted a significant downward variance in Thomas' term of imprisonment, but offset that reduction, in part, by imposing a longer term of supervised release at counts 1 through 3 of the Superseding Indictment to protect the public from further crimes by Thomas.

The court is encouraged by the reports about Thomas's continued law-abiding and beneficial conduct while on supervision. He is to be commended for remaining gainfully employed, drug-free, counseling teens about Spanish and chess and complying with the conditions of release. The court encourages Thomas to remain on this law-abiding path.

Based upon the information presented to this court, Thomas has led a law-abiding life since his release from imprisonment. The serious nature of his crimes and his criminal history, however, weigh against the early termination of his supervised release. The fact of his compliance may reflect that supervision is serving its deterrent and rehabilitative purposes.

> 2. *The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)*

Thomas already received the benefit of a significant reduction in his term of imprisonment, which the court considered in imposing a lengthier term of supervised release. A lengthy term of supervision deters criminal conduct and protects the public from further crimes by a defendant, especially in light of Thomas's criminal history involving multiple felony drug and firearm convictions. Under those circumstances, early termination of Thomas's supervision is not warranted. The court acknowledges that Thomas does not need educational, vocational or other correctional treatment at this time.

> 3. *The sentencing range established by the Sentencing Commission, § 3553(a)(4)*

The original advisory guideline range for imprisonment, as determined in the PSI, was 211-248 months. The longest advisory guideline range for a term of supervised release was 5 years, with a presumption that the terms of supervised release at each of Thomas' 7 counts of conviction would run concurrent.

Thomas' argument that he should be entitled to early termination of supervision because his statutory mandatory minimum term of supervision was affected by the crack-powder disparity is not persuasive. In the plea agreement, the parties stipulated that at least 500 grams of

powder cocaine were attributable to Thomas. If he was sentenced today solely on the powder cocaine, he would face a statutory mandatory minimum term of supervised release of 4 years. 21 U.S.C. § 841(b)(1)(B). More fundamentally, Thomas' term of supervised release was not based on the statutory mandatory minimum at Count 1 of Crim. No. 05-205. Instead, the court considered the appropriate cumulative term of supervised release for counts 1 through 3 of the Superseding Indictment. At sentencing, the court varied downwards from the guideline range of imprisonment, but believed that an upward variance to a total term of supervised release of 84 months (or 7 years) was appropriate. There is no evidence that this factor warrants early termination of supervised release.

> **4.  *Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).***

The parties did not discuss any pertinent policy statements.

> **5.  *The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).***

There is no evidence that Thomas's term of supervised release should be terminated to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, particularly in light of the significant benefits he has already received. By reason of the substantial reduction in the term of imprisonment imposed on Thomas, the court concludes that any disparity in the length of Thomas' term of supervised release is warranted. Because the statutory mandatory minimum was 5 years of supervised release at Count 1 of the superseding indictment, granting Thomas' motion for a supervised release term lower than the statutory minimum may create an unwarranted disparity with other similarly situated defendants.

> 6. *The need to provide restitution to any victims of the offense, § 3553(a)(7).*

This factor is not applicable.

### C. Whether early termination is warranted and in the interest of justice

In support of his motion, Thomas asserts that he abided by all conditions of supervised release and is rehabilitated. Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release. United States v. Banks, No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (citing United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.")). The fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.

In denying Thomas's original motion, the court observed that he did not articulate any particular hardship that he experiences due to the terms of his supervision. Thomas, again, did not identify any particular hardship. If there is a particular adverse impact, Thomas should explore with his probation officer whether his conditions can be modified to address his concern. Thomas' conduct while on supervision is commendable, but, considering the foregoing § 3553(a) analysis, especially the serious nature of his crimes, and the need to deter criminal conduct, the interests of justice are best served by him remaining on supervised release.

### IV. Conclusion

Based upon the foregoing, the court will deny the renewed motions for early termination of supervised release. The motion will be denied as moot with respect to counts 4 through 6 of the Superseding Indictment at Crim. No. 05-205 and to Crim. No. 07-227. The denial is without prejudice for Thomas to file a renewed motion if warranted by his circumstances.

An appropriate order follows.

Dated: August 29, 2023                    BY THE COURT:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge